1
2
3
4                        IN THE UNITED STATES DISTRICT COURT
5                          FOR THE DISTRICT OF ARIZONA
6
7    RONALD ARMSTRONG,                )     No.  CV 11-790-TUC-CKJ (BPV)
                                      )
8              Plaintiff,             )
                                      )
9    vs.                              )     **REPORT AND**
                                      )     **RECOMMENDATION**
10   TOWN OF HUACHUCA CITY;           )
     BYRON ROBERTSON,                 )
11                                    )
               Defendant.             )
12                                    )
                                      )
13   _____ )

14        Pending before the Court is the Defendants' motion to dismiss pursuant to Rule

15   12(b)(6), Fed.R.Civ.P. (Doc. No. 5).  Plaintiff filed a response and Defendants filed a

16   reply.

17        Plaintiff, Ronald Armstrong, alleges that the termination of his employment as

18   Town Clerk of the Town of Huachuca City was wrongful, and resulted from age

19   discrimination in violation of the Age Discrimination in Employment Act of 1967, 29

20   U.S.C. § 621, *et seq.*, ("ADEA") and 42 U.S.C. 2000(e), *et. seq.*, and retaliation in

21   violation of the Arizona Civil Rights Act, A.R.S. § 41-1481, *et. seq,* ("ACRA"), as well

22   as Arizona's Employment Protection Act A.R.S. § 23-1501(3)(c)(ii) and A.R.S. 23-

23   1501(d), ("AEPA").  Plaintiff alleges that he is entitled all legal and equitable relief as

24   may be appropriate to effectuate the statutes, and in particular, compensation in the

25   form of front pay and back pay, liquidated damages and attorneys fees and costs.

26   Plaintiff also demands to be reinstated as Town Clerk for the Town of Huachuca City.

27
28

1    Also pending before the Court are Defendants' motion to strike Plaintiff's first

2  amended complaint (Doc. 10), and Plaintiff's "Amended Motion for Leave to Amend

3  Complaint". (Doc. 13).

4    The case has been referred to Magistrate Judge Velasco for all pretrial matters

5  pursuant to Local Civil Rule 72.2.  Rules of Practice of the U.S. District Court for the

6  District of Arizona.

7    For reasons which follow, the Magistrate Judge recommends that the District

8  Court DENY Defendant's Motion to Dismiss Plaintiff's Complaint, GRANT

9  Defendants' Motion to Strike, and GRANT Plaintiff's Motion to Amend.

10  **I.     FACTUAL AND PROCEDURAL BACKGROUND**

11    The following facts are alleged in the complaint:

12    Plaintiff was employed as the town clerk for the Town of Huachuca City

13  from June 2004 until March 16, 2011. (Doc. 1, Exhibit A "Complaint", ¶ II.2).

14  Plaintiff alleges that on March 16, 2011, he was terminated from his position as

15  town clerk, and that the stated basis for his termination was that he served at the

16  pleasure of the counsel. (*Id.*, ¶ II.3). Plaintiff was 73 years old on the date of his

17  termination. (*Id.*, ¶ II.1). Plaintiff further alleges that prior to his termination he was

18  the victim of a hostile work environment created by Defendant Byron Robertson, the

19  town Mayor, and that he lodged a grievance with the town council on two occasions

20  as the result of such hostile work environment. (*Id.*, ¶ II.3)

21    Plaintiff alleges that on numerous occasions between August 2010 and

22  January 2011, he contacted Town Attorney Ryan and expressed concern for the

23  hostile work environment he believes was created by Defendant Robertson. (*Id.*, ¶

24  II.4). On January 27, 2011, Plaintiff made a verbal complaint to the common council

25  about the alleged harassment, and requested an executive session on the matter,

26  which was later denied by Defendant Robertson. (*Id.*, ¶ II.5). On or about February

27

28                                    - 2 -

1   2, 2011 Plaintiff sought medical treatment for stress. (*Id.*, ¶ II.6). Also in February of
2   2011, Plaintiff claims that he made a second complaint to the common council
3   regarding a hostile work environment, and that during this meeting Defendant
4   Robertson lost his temper and accused Plaintiff of misconduct regarding his
5   handling of an employment application. (*Id.*, ¶ II.7). Thereafter, Plaintiff again
6   sought medical treatment for stress on February 11, 2011 and, on February 12, 2011,
7   his medical provider issued a letter to the town council requesting that Plaintiff's
8   working hours not overlap with Defendant Robertson's. (*Id.*, ¶ II.8-9).

9          On February 15, 2011, Plaintiff received a letter from the acting Town
10  Attorney scheduling a special council meeting to address Plaintiff's employment
11  status. (*Id.*, ¶ II.10). At that special council meeting, on February 17, 2011, the
12  council approved Plaintiff's request for different working hours for a period of thirty
13  days. (*Id.*, ¶ II.11). And on March 16, 2011, Plaintiff's employment as town clerk
14  was terminated during a council meeting. (*Id.*, ¶ II.12).

15         Plaintiff alleges that as a direct and proximate result of incidents as outlined,
16  he was wrongfully terminated due to a hostile work environment and age
17  discrimination. (*Id.*, ¶ II.13). Plaintiff further alleges that he should have received
18  payment for accrued vacation leave pursuant to the Huachuca City Town Personnel
19  Rules and Regulations. (*Id.*, ¶ II.14).

20          The Town of Huachuca City and Byron Robertson ("Defendants") removed
21  this case from the Cochise County Superior Court to this Court based on federal
22  question jurisdiction pursuant to 28 U.S.C. § 1331 on December 6, 2011, (Doc. 1,
23  "Notice of Removal"), and assert supplemental jurisdiction over the state law claims
24  derived from the court having original jurisdiction over a matter of a federal
25  question, pursuant to 28 U.S.C. § 1367. Defendants moved to dismiss this cause of
26  action for failure to state a claim pursuant to Federal Rule of Civil Procedure
27
28                                              - 3 -

1   12(b)(6) on December 13, 2011. (Doc. 5). Plaintiff filed his response in opposition

2   to dismissal on January 3, 2012. (Doc. 7). Defendants filed a reply in support of their

3   motion to dismiss on January 9, 2012. (Doc. 8).

4   **II.   DISCUSSION**

5           Defendants move to dismiss for failure to state a claim pursuant to Federal

6   Rule Civil Procedure 12(b)(6), arguing that 1) Plaintiff's notice of claim pursuant to

7   A.R.S. § 12-821.01(A) is insufficient; and 2) Plaintiff is a policymaker, and

8   therefore not an employee, and is excluded from relief under the ADEA and ACRA.

9           A.      Standard of Review

10          Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a

11  "short and plain statement of the claim showing that the pleader is entitled to relief".

12  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The United States Supreme Court held

13  that the pleading standard laid forth in Rule 8 doesn't require detailed factual

14  allegations, but requires more than labels and conclusions, and a formulaic recitation

15  of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550

16  U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain

17  enough facts to state a claim to relief that is plausible on its face. *Id.*, at 570. For a

18  claim to be facially plausible, the plaintiff must plead factual content that allows the

19  court to draw the reasonable inference that the defendant is liable for the misconduct

20  alleged. *Id.*, at 556. The Court follows a two-prong approach in determining whether

21  a claim can withstand a motion to dismiss. First, although the court must accept

22  factual allegations contained in the complaint as true, legal conclusions are not

23  entitled to the assumption of truth. *Id.*, at 555. Second, only a complaint that states a

24  plausible claim for relief survives a motion to dismiss. *Id.*, at 556. The determination

25  of plausibility is context-specific, but where the pleading does not permit the court

26  to infer more than the mere possibility of misconduct, the complaint has not shown

27

28                                          - 4 -

that the pleader is entitled to relief. *Iqbal*, 556 U.S. 662, 678. As the Court stated in *Iqbal*, a court considering a motion to dismiss can choose to begin by identifying pleadings that are no more than legal conclusions, and therefore not entitled to the assumption of truth. *Id.* If the pleading contains well-pleaded factual allegations, a court should assume the allegations as true and then make a determination as to whether the allegations plausibly give rise to an entitlement to relief. *Id.*

Generally, a district court may not consider any material outside of the pleadings, and when matters outside the pleading are considered, a Rule 12(b)(6) motion is to be treated as a motion for summary judgment under Rule 56. *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. County of SantaClara*, 307 F.3d 1119 (9th Cir. 2002)). However, material that is submitted as part of the complaint may be considered on a motion to dismiss, even if not physically attached to the complaint. *Id.*, at 453. Altering the general rule regarding extrinsic materials, the Ninth Circuit held that when deciding a motion to dismiss, a court may consider the complaint and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Id.*, at 454. Such consideration would not require a conversion of the motion to dismiss into a motion for summary judgment. *Id.* Additionally, a court may disregard allegations of the complaint that are contradicted by attached exhibits. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (*abrogated on other grounds*

1   *by Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "The

2   court is not required to accept legal conclusions cast in the form of factual

3   allegations if those conclusions cannot reasonably be drawn from the facts alleged."

4   *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). Nor must

5   the court accept unreasonable inferences or unwarranted deductions of fact. *Western*

6   *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Here, because it is

7   attached to the Complaint and because there are no issues regarding its contents or

8   its authenticity, the Court will consider Plaintiff's notice of claim without converting

9   this motion to one for summary judgment. Plaintiff's notice of claim is attached as

10   Exhibit 2 to the original Complaint, which was filed with this Court as Exhibit A to

11   the Notice of Removal (Doc. 1).

12          B. <u>Notice of Claim</u>

13          Defendants assert that the Plaintiff's state law claims against a public entity

14   or employee fail because Plaintiff failed to comply with the notice of claim

15   requirements set forth in A.R.S. § 12-821.01(A). More specifically, Defendants

16   claim that Plaintiff's August 16, 2011 notice of claim is insufficient because it

17   contains no specific amount for which the claim can be settled, it provides no facts

18   to support a claim under the Arizona Employment Protection Act, and it fails to

19   provide facts to support Plaintiff's $300,000 claim for lost wages. (Doc. 5, at 3-5).

20   Despite Defendants arguments, the Court finds that Plaintiff's notice of claim is

21   sufficient pursuant to the requirements set forth in the notice of claim statute.

22          Pursuant to A.R.S. § 12-821.01, a notice of claim "shall contain facts

23   sufficient to permit the public entity or employee to understand the basis upon which

24   liability is claimed." § 12-821.01(A). That is, it must contain enough information to

25   allow the entity to investigate the merits of the claim and assess its potential for

26   liability. *State v. Brooks*, 534 P.2d 271 (Ariz. 1975). If a party fails to comply with

27

28                                          - 6 -

1   all requirements of the statute, the party's claim is barred. *Id.* In addition to

2   describing the proper method and time frame for filing claims, the notice of claim

3   statute directs that all claims "shall contain facts sufficient to permit the public

4   entity...to understand the basis upon which liability is claimed." A.R.S. § 12-

5   821.01(A). Further, the statute requires that "the claim shall include a specific

6   amount for which the claim can be settled and the facts supporting that amount." *Id.*

7   The notice of claim statute protects the government from excess or unwarranted

8   liability, and gives public entities and employees a chance to avoid litigation

9   expenses by investigating and settling before the plaintiff files a complaint. *See Deer*

10  *Valley Unif. Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 492 (Ariz. 2007).

11          i. <u>Sum Certain</u>

12          The Defendants argue that the settlement offer in Plaintiff's notice of claim

13  does not meet the sum certain requirement of the notice of claim statute. (Doc. 5, 3-

14  4). The notice of claim statute contemplates that the government should have the

15  ability to investigate both liability and damages to "realistically consider a claim."

16  *See Deer Valley*, 152 P.3d at 493. Plaintiff's notice of claim offers a settlement

17  amount of $11,963.58, *plus interest* for vacation pay, plus $300,000 for lost wages if

18  settled within 90 days of receipt. (Doc. 1, Ex. 2) (emphasis added). Defendants

19  contend that the wording "plus interest" is qualifying language that makes it

20  impossible to deduce an amount for which Plaintiff would settle his claim.

21  Defendants liken this case to *Deer Valley*, wherein the court found that the "repeated

22  use of qualifying language makes it impossible to ascertain the precise amount for

23  which [defendant] could have settled [the] claim." *Id.*. The plaintiff in *Deer Valley*

24  used multiple ambiguous terms such as "approximately", "or more", and "no less

25  than" and never reached a single aggregate sum in her notice of claim, and, as a

26  result, the court found that the notice of claim did not comply with A.R.S. § 12-

27

28                                          - 7 -

1    821.01(A). *Id.* Here, unlike in *Deer Valley*, Plaintiff noticed a fixed, ascertainable

2    sum, rendered inexact only by the inclusion of a demand for interest, which is

3    unascertainable only as to the precise rate and total amount of interest which would

4    continue to accrue through the date of any settlement offer. *Id*. The phrase "plus

5    interest" does not suggest the type of unallowable, ambiguous and qualifying

6    language the court found unallowable in *Deer Valley*.

7         As previously addressed, the purpose and intent of the notice of claim statute

8    is to allow a meaningful opportunity for the public entity or employee to make a

9    settlement decision prior to the initiation of a court proceeding. *Yollin v. City of*

10   *Glendale*, 191 P. 3d 1040, 1045 (Ariz.Ct.App. 2008). In *Yollin*, the court held that

11   although the claimant included language suggesting the settlement amount in his

12   notice of claim was negotiable, and that he was still incurring damages at the time of

13   the notice, there was a definite and exact amount offered for settlement and thus the

14   notice of claim was in compliance with the sum certain requirement per A.R.S. § 12-

15   821.01(A). *Id.* Here, the Plaintiff offered a specific settlement in the amount of

16   $11,963.38 for vacation pay, and $300,000 for lost wages. The notice in this case

17   served the purpose and intent of the notice of claim statute and Defendants cannot

18   reasonably argue that the inclusion of the "plus interest"language denied them a

19   meaningful opportunity to make a settlement decision prior to the initiation of a

20   court proceeding. There is nothing else in the record that suggests that the

21   Defendants were prevented from assessing the possibility of a settlement or planning

22   by the language in Plaintiff's notice of claim. *Id.*

23         ii. <u>Facts sufficient to support the claim</u>

24         Defendants further assert that the Plaintiff's notice of claim is insufficient per

25   the second sentence of the notice of claim statute. (Doc. 5, at 4). This sentence

26   requires "facts sufficient" for the public entity or employee to understand the basis

27

28                                           - 8 -

1   of the claim. A.R.S. § 12-821.01(A). Defendants contend that because Plaintiff does
2   not make mention of a potential claim pursuant to the AEPA, A.R.S. § 23-1501, *et.*
3   *seq.,* and does not include any facts which would have led Defendants to believe
4   they would possibly face a claim for retaliatory discharge, that the Plaintiff's notice
5   of claim does not satisfy the "facts sufficient" requirement of A.R.S. § 12-
6   821.01(A). (Doc. 5, at 4).

7          The purpose of this portion of the statutory requirement for a notice of claim
8   is to allow the public entity to investigate and assess the claim. *Falcon ex. rel.*
9   *Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006). Here, the
10  Plaintiff's notice of claim discusses events and actions, involving Defendant
11  Robertson and other identified individuals, that led up to his termination as town
12  clerk. He included a copy of a letter from his physician requesting alternative work
13  hours, and briefly lists grievances filed with the city council regarding what he
14  believed to be a hostile work environment. Plaintiff described an encounter with
15  Defendant Robertson wherein he was accused of misconduct regarding Defendant
16  Robertson's wife's employment application. Although the Plaintiff did not
17  specifically mention a potential claim for retaliatory discharge under the AEPA, that
18  is not the standard under the statute. The standard calls for "facts sufficient" to
19  understand the *basis* of the claim. A.R.S. § 12-821.01(A) (emphasis added). The
20  basis for this claim is the events and actions leading to his termination as Plaintiff
21  outlines in his notice of claim, and that is sufficient factual information to allow the
22  Defendants to adequately investigate and assess the claim.

23          iii. <u>Facts supporting the amount claimed</u>
24          The notice of claim statute also requires that the claimant include facts
25  supporting the amount claimed. A.R.S. § 12-821.01(A). This portion of the statutory
26  requirement ensures that claimants will not demand unfounded amounts that
27
28                                          - 9 -

1  constitute "quick, unrealistic and exaggerated demands." *Hollingsworth v. City of*

2  *Phoenix*, 793 P.2d 1129, 1133 (Ariz.Ct.App. 1990). Defendants argue that the

3  Plaintiff failed to include any facts to support his claim for $300,000 in lost wages,

4  and thus the notice of claim is insufficient. (Doc. 5, at 4-5). The supporting facts

5  requirement has been scrutinized by the court, and discussed in detail most recently

6  in *Backus v. State*. The court in *Backus* clarified this requirement of section 12-

7  821.01, concluding that "a claimant complies with the supporting-facts requirement .

8  . . by providing the factual foundation that the claimant regards as adequate to

9  permit the public entity to evaluate the specific amount claimed." 203 P.3d 499, 505

10  (Ariz. 2009). The court further cautioned that the courts should not scrutinize the

11  "sufficiency" of any such facts, emphasizing that this standard "does not require a

12  claimant to provide an exhaustive list of facts; so long as a claimant provides facts to

13  support the amount claimed. *Id.* It is clear from the court's decision in *Backus* that

14  the notice of claim statute "does not require a claimant to set out facts *sufficient to*

15  *support* the amount claimed," but only *sufficient to permit* Defendants to evaluate

16  liability. *See e.g. Carnes v. Salvino*, 2009 WL 2568643, *3 (D.Ariz.), citing *Backus*,

17  203 P.3d at 504 (emphasis in original).

18        Plaintiff's notice of claim in this matter adequately provides the information

19  as is required by the statute. The court in *Yollin* determined that this portion of the

20  notice of claim statute "demands a recitation of how past events harmed the claimant

21  and led to his offer", and the Plaintiff did that here. 191 P.3d at 1048. Plaintiff

22  claims to have been injured, describes the conduct giving rise to his injury, and

23  includes some facts supporting an amount for lost wages. Specifically, Plaintiff

24  described events and circumstances that occurred leading up to his termination as

25  town clerk, and explains that he believes he was wrongfully terminated due to a

26  hostile work environment and age discrimination. Despite Defendants' contention

27

28                                   - 10 -

1 that Plaintiff should have included reasoning behind requesting $300,000 in lost

2 wages, the lack of such specificity as to the amount claimed does not make the

3 notice of claim legally deficient. Again, the standard is a "factual foundation that the

4 *claimant* regards as adequate to permit the public entity to evaluate the specific

5 amount claimed." *Backus*, 203 P.3d at 505 (emphasis added). The Plaintiff indicates

6 he believes he was wrongfully terminated, and in such circumstances it is not

7 uncommon for claimants to demand a sum for lost wages. Surely Plaintiff's

8 $300,000 demand for lost wages does not qualify as the "quick, unrealistic and

9 exaggerated demands" that the statute intended to avoid. *Hollingsworth*, 793 P.2d at

10 1133. Thus, the Plaintiff provided adequate information for the Defendants to

11 "realistically consider" his lost wage claim, and his notice of claim is sufficient as to

12 this requirement. *See Deer Valley*, 152 P.3d at 493.

13        D. <u>Policymaker</u>

14        Lastly, Defendants urge that the Plaintiff cannot maintain claims under the

15 ADEA and ARCA because he is not an "employee" for purposes of these statutes.

16 (Doc. 5, at 5). Defendants contend that acting as the town clerk, Plaintiff was a

17 "policymaker" and thus is exempt from coverage under the ADEA and ACRA. The

18 ADEA defines the term employee as:

19        "an individual employed by any employer except that the term 'employee'
         shall not include any person elected to public office . . . or any person chosen
20        by such officer to be on such officer's personal staff, or an appointee on the
         policymaking level or an immediate adviser with respect to the exercise of the
21        constitutional or legal powers of the office."

22 29 U.S.C. § 630(f). The ACRA has a very similar definition of employee. As the

23 Defendants correctly note in their motion, the Ninth Circuit has set forth certain

24 factors to consider when determining whether an employee is a policymaker,

25 including "vague or broad responsibilities, relative pay, technical competence,

26 power to control others, authority to speak in the name of policymakers, public

27

28                                      - 11 -

1  perception, influence on programs, contact with elected officials, and responsiveness

2  to partisan politics and political leaders." *Bardzik v. County of Orange*, 635 F.3d

3  1138, 1145 (9th Cir. 2011). Additionally, when considering this question, the

4  Seventh Circuit held that the test is "whether the position held by the individual

5  authorizes, either directly or indirectly, meaningful input into government decision-

6  making on issues where there is room for principled disagreement on goals or their

7  implementation." *Neklony v. Painter*, 653 F.2d 1164, 1170 (7th Cir. 1981), *See also*

8  *Auriemima v. Rice*, 957 F.2d 397 (7th Cir. 1992).

9      The Defendants attach as Exhibits 1 and 2 the Town of Huachuca City Town

10  Code, Chapters 2, Section 2-1-1 and Chapter 3, and assert that because the Town has

11  no town manager, the town clerk administers and supervises all activities of the

12  Town, including personnel issues, finances and purchasing, and elections. (Doc. 5, at

13  1-2). Additionally, the Defendants contend that acting as town clerk, Plaintiff

14  controlled, coordinated, and presented the annual budget to the Town Council for

15  approval. (Doc. 5, at 6). Defendants argue that because of these duties, Plaintiff was

16  a policymaker and cannot be considered an "employee" as defined under the ADEA

17  or ACRA. (Doc. 5, at 6). The Plaintiff, in response, argues that the Town Council is

18  the policymaker, and that the town clerk as defined under the Town of Huachuca

19  City Town Code is not an appointee at a policymaking level, nor an immediate

20  advisor with respect to the exercise of the constitutional or legal powers of those

21  elected to public office, and thus not a policymaker. (Doc. 7, at 5).

22      The Court finds that the issue of whether or not Plaintiff was a policymaker

23  in his capacity as town clerk remains an issue of fact in this matter. The Defendants

24  claim that Plaintiff's position as town clerk rendered him a policymaker, and the

25  Plaintiff contends that his responsibilities did not amount to a role as a policymaker.

26  Whether an employee is a policymaker is a legal question that rests on factual

27

28                                      - 12 -

findings, making this an improper question for a motion to dismiss in the face of obvious disputed factual assertions. The relevant issues in this determination are questions of fact, and the Court finds that necessary factual information is not currently found in the record. The Court finds that Plaintiff's complaint is sufficient to withstand a motion to dismiss at this time, but that the Defendants may well be able to demonstrate in a motion for summary judgment that Plaintiff's responsibilities and duties rendered him a policymaker for purposes of exempting him from filing claims under the ADEA and ACRA. Accordingly, the Court leaves the question of whether Plaintiff is excluded from ADEA and ACRA as a policymaker to be determined on a motion for summary judgment.

**III.     Motion to Strike**

Plaintiff filed an amended complaint 56 days after Defendants filed their Rule 12(b) motion. Because Plaintiff did not amend his complaint within 21 days of serving it, or within 21 days after Defendants filed their motion to dismiss, Plaintiff must seek leave of the court to file an amended complaint. *See* Fed.R.Civ.P.15(a). Because Plaintiff failed to seek leave of the court in filing his first amended complaint, the Magistrate Judge recommends that Defendants' motion to strike (Doc. 10) be granted. *See* Fed.R.Civ.P. 15(a)(1) and (2) (a party may amend the party's pleading once as a matter of course within 21 days after serving it, or within 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b) is served, otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.")

**IV.     Motion to Amend**

Subsequent to Defendants' motion to strike, Plaintiff sought leave to amend his complaint to add a claim for damages pursuant to A.R.S. § 23-355(A) for

- 13 -

1   Defendants' failure to pay Plaintiff his vacation pay in accordance with the
2   provisions of Huachuca City Town Personnel Rules and Regulations, Rule XIII.
3   (Doc. 13).

4        Rule 15 of the Federal Rules of Civil Procedure states that the court should
5   freely give leave when justice so requires. Fed.R.Civ.P. 15(a)(2). This liberality in
6   granting leave to amend is not dependent on whether the amendment will add causes
7   of action or parties. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th
8   Cir.1987). "It is, however, subject to the qualification that amendment of the
9   complaint does not cause the opposing party undue prejudice, is not sought in bad
10  faith, and does not constitute an exercise in futility." *Id*. (internal citations omitted).

11       Defendants' only objection to the proposed amendment is that any
12  amendment would be futile in light of the legal deficiencies of Plaintiff's notice of
13  claim. For the reasons discussed above, the undersigned finds that the notice of
14  claim was not legally deficient, and thus the amendment is not futile. Because
15  Defendants have raised no other objections or demonstrated that any undue
16  prejudice would result from the amendment, the Magistrate Judge recommends that
17  the District Judge grant Plaintiff's motion to amend the complaint (Doc. 13).

18  **V.   RECOMMENDATION**

19       For the reasons stated above, the Magistrate Judge recommends that
20  Defendants' motion to dismiss (Doc. No. 5) be DENIED.

21       The Magistrate Judge further recommends that Defendants' Motion to Strike
22  (Doc. No. 10) be GRANTED.

23       The Magistrate Judge further recommends that Plaintiff's Motion to Amend
24  (Doc. No. 13) be GRANTED.

25       Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written
26  objections within fourteen (14) days after being served with a copy of this Report

27

28                              - 14 -

and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 7th day of August, 2012.


_____
Bernardo P. Velasco
United States Magistrate Judge

- 15 -