**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RONALD ARMSTRONG,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TOWN OF HUACHUCA CITY,<br>BYRON ROBERTSON,<br><br>　　　　　Defendants. | No. CIV 11-790-TUC-CKJ (BPV)<br><br>**ORDER** |

On August 7, 2012, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation (Doc. 16) in which he recommended Defendants' Motion to Dismiss (Doc. 5) be denied, Defendants' Motion to Strike (Doc. 10) be granted, and Plaintiff's Motion to Amend (Doc. 13) be granted. The magistrate judge advised the parties that written objections to the Report and Recommendation were to be filed within fourteen (14) days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b) and that responses were to be filed within fourteen (14) of service of any objections. Defendants have filed an objection; Plaintiff has not filed a response.

Defendants have requested the Court to schedule this matter for oral argument. The Court declines to schedule this matter for oral argument. *See generally* LRCiv. 7.2(f).

*Notice of Claim - Sum Certain*

　　　　　The magistrate judge determined that the Notice of Claim submitted by Plaintiff

1  Ronald Armstrong ("Armstrong") adequately set forth a sum certain as required by A.R.S.
2  § 12-821.01(A) and recommended the Motion to Dismiss be denied on this basis.
3  Defendants argue that the magistrate judge's recommendation inserts a "reasonableness" or
4  "substantial compliance" standard into the statute's requirement that a claimant include a
5  specific amount for which the claim can be settled. *Deer Valley Unif. Sch. Dist. No. 97 v.*
6  *Houser*, 214 Ariz. 293, 152 P.3d 490 (2007). Indeed, the *Deer Valley* Court stated:

> The notice of claim statute is clear and unequivocal: The statute instructs that a claim "shall also contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12–821.01.A (emphasis added). This language unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim.

10  214 Ariz. at 296, 152 P.3d at 493.

11  In *Deer Valley*, the plaintiff had defined her economic damages as "'*approximately*
12  $35,000 per year *or more* going forward over the next 18 years.'" *Id.*, *emphasis in original*.
13  The plaintiff also referred to a raise of $6,000 and noted that "she anticipated 'similar
14  appropriate pay increases' over the next eighteen years." *Id*. Further, the plaintiff stated that
15  "her damages for emotional distress and harm to her reputation are 'no less than' $300,000
16  and $200,000, respectively." *Id*. The Court determined that "[t]hese statements simply do
17  not define a specific amount that [plaintiff] would have accepted to resolve her dispute" *Id*.
18  Therefore, "[i]n light of this substantial variation in potential value and the absence of any
19  clear aggregate claim amount in her letter, the amounts identified in [plaintiff's] letter cannot
20  be considered 'specific.'" *Id*. at 494.

21  Unlike in *Deer Valley*, Armstrong's Notice of Claim does not include the repeated use
22  of qualifying language. Armstrong's demand is a clear aggregate sum that, if agreed to by
23  Defendants, would settle all of Armstrong's claims. In a similar case, another district court
24  stated: "Nevertheless, [Defendant] goes out of its way to interpret the settlement amount
25  ambiguously, arguing that Plaintiffs' reference to attorneys' fees takes away the specificity
26  of any demand." *Auble v. Maricopa County*, No. CV 08-1822-PHX-MHM, 2009 WL
27  3188378 * 3 (D.Ariz. 2009). However, in *Auble*, the plaintiffs had made clear that their

- 2 -

demand was separate from court-awarded fees and costs. *Id*. While there is no comparable statement in this case, the Court does not find the statement to be ambiguous. Rather, the Notice of Claim stated the date of Armstrong's employment termination and Arizona law specifically provides a prejudgment interest rate. A.R.S. § 44-1201.

"The Court can find nothing confusing about [Plaintiff's] settlement demand and must therefore conclude that any ambiguity complained of by [Defendants] is of their own creation. [Plaintiff's] notices of claim satisfy the [sum certain] notice of claim requirement under A.R.S. § 12–821.01A." *Auble*, at * 4.

*Notice of Claim - Basis of Claim*

The magistrate judge determined that Armstrong's Notice of Claim adequately stated sufficient facts regarding the events and action to understand the basis of the claims, i.e., to allow Defendants to adequately investigate and assess the claims. Defendants assert that, "the notice of claim statute requires *sufficient facts* to understand the *basis* – the facts and the basis are not the same thing. A claimant must include enough facts so that a public entity can objectively identify *what type* of claim they are facing." Objections, p. 5.

The Notice must "contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01.A. Presenting "'facts supporting that amount' requires that claimants explain the amounts identified in the claim by providing the government entity with a factual foundation to permit the entity to evaluate the amount claim." *Deer Valley*, 214 Ariz. at 296, 152 P.3d at 493. This "requirement ensures that claimants will not demand unfounded amounts that constitute 'quick unrealistic exaggerated demands." *Id*., *quoting Hollingsworth v. City of Phoenix*, 164 Ariz. 462, 466, 793 P.2d 1129, 1133 (App. 1990).

The Supreme Court of Arizona has stated:

> The approach that best furthers legislative intent is to allow a claimant to decide what facts support the amount claimed and to disclose those facts as part of the notice of claim. As the State points out, only the claimant knows which facts he regards as

>supporting the amount claimed. Accordingly, the statutory requirement that the claim include the facts supporting the amount claimed must refer to the view of the claimant, rather than to that of the public entity. We hold, therefore, that a claimant complies with the supporting-facts requirement of § 12–821.01.A by providing the factual foundation that the claimant regards as adequate to permit the public entity to evaluate the specific amount claimed. This standard does not require a claimant to provide an exhaustive list of facts; as long as a claimant provides facts to support the amount claimed, he has complied with the supporting-facts requirement of the statute, and courts should not scrutinize the claimant's description of facts to determine the "sufficiency" of the factual disclosure.

*Backus v. State*, 220 Ariz. 101, 106-7, 203 P.3d 499, 504-5 (2009). Armstrong's Notice of Claim provides "facts to support the amount claimed[.]" *Id.* The Notice of Claim states facts regarding Armstrong's former employment as a city clerk, age discrimination, a hostile work environment, and retaliation and asserts that Armstrong was wrongfully terminated from his employment. In other words, Armstrong stated in his Notice of Claim that he was employed by the Town of Huachuca City and, as he was no longer employed by the town of Huachuca City, he demanded $300,000 in lost wages. Clearly, Armstrong "provided those facts [he] regarded as supporting the specific amounts [he] claimed. Accordingly, [the] notice of claim letter[] compl[ies] with A.R.S. § 12–821.01.A." *Id.* at 107, 203 P.3d at 505.[1]

*Armstrong as Policymaker*

Defendants have argued that dismissal of the age discrimination and retaliation claims is appropriate because Armstrong was a policymaker rather than an employee for purposes of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, ("ADEA") and 42 U.S.C. 2000(e), *et. seq.*, and the Arizona Civil Rights Act, A.R.S. § 41-1481, *et. seq*, ("ACRA"). The magistrate judge stated:

>The Court finds that the issue of whether or not Plaintiff was a policymaker in his capacity as town clerk remains an issue of fact in this matter. The Defendants claim that Plaintiff's position as town clerk rendered him a policymaker, and the Plaintiff contends that his responsibilities did not amount to a role as a policymaker. Whether an employee is a policymaker is a legal question that rests on factual findings, making

---

[1]The *Backus* Court pointed out that "a public entity can request more facts if needed to evaluate a claim." 220 Ariz. at 107, 203 P.3d at 505.

- 4 -

> this an improper question for a motion to dismiss in the face of obvious disputed factual assertions. The relevant issues in this determination are questions of fact, and the Court finds that necessary factual information is not currently found in the record. The Court finds that Plaintiff's complaint is sufficient to withstand a motion to dismiss at this time, but that the Defendants may well be able to demonstrate in a motion for summary judgment that Plaintiff's responsibilities and duties rendered him a policymaker for purposes of exempting him from filing claims under the ADEA and ACRA. Accordingly, the Court leaves the question of whether Plaintiff is excluded from ADEA and ACRA as a policymaker to be determined on a motion for summary judgment.

Report and Recommendation, pp. 12-13. Defendants assert, however, that Armstrong's job and responsibilities are not in dispute.

Although Armstrong's job and responsibilities may not be in dispute, they are not alleged in the Complaint. However, they are set forth in Article 3-2-1 of the Town Code, which has been provided by Defendants. Motion to Dismiss, Ex. 2. Furthermore, Armstrong has not objected to consideration of the Town Code and, indeed, argues that the Town Code supports his position. The Court finds it appropriate to take judicial notice of the Town Code. *See e.g., Toney v. Burris*, 829 F.2d 622 (7th Cir. 1987).

The Ninth Circuit has stated:

> In *Fazio*, we set forth "[s]ome factors to be considered when determining whether a job is a policymaking position," including "vague or broad responsibilities, relative pay, technical competence, power to control others, authority to speak in the name of policymakers, public perception, influence on programs, contact with elected officials, and responsiveness to partisan politics and political leaders." 125 F.3d at 1334 n. 5. These factors are intended to guide the "policymaker" analysis, but not supplant what we have called "the essential inquiry" — whether "party affiliation is an appropriate requirement for the effective performance of the public office involved." *Id*. at 1331.

*Hunt v. County of Orange*, 672 F.3d 606, 613 (9th Cir. 2012), *quoting Fazio v. City and County of San Francisco*, 125 F.3d 1328 (9th Cir.1997). Indeed, while the factors are relevant in determining whether a person is a policymaker, the factors are to be considered in light of the underlying purpose of the policymaker exception: "the question is whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Hunt*, 672 F.3d at 611-12, *quoting Branti v. Finkel*, 445 U.S. 507, 518, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).

In this case, Armstrong had specific duties provided for in the Town Code; however,

they were vague and broad in that they were at the direction of the town council. *See* Town Code, § 3-2-1, Doc. 5-1. Indeed, even though Armstrong had the authority to control others, Town Code, § 3-2-1(G), such authority was as directed by the town council. Similarly, although the defense argues that Armstrong's presentation of the budget supports a conclusion that he was a policymaker, the Town Code appears to state that budgetary decisions were made by the town council. Town Code, § 3-2-1(F). Additionally, it appears that Armstrong had extensive contact with elected officials. However, neither the Town Code nor the allegations in the Complaint establish the other factors. Moreover, although the issues presented indicate that a recall election may have played some role in circumstances, *see* Doc. 1, p. 22 of 34, neither the Town Code nor the allegations in the Complaint indicate whether party affiliation is an appropriate requirement for the effective performance of the Town Clerk. The Court agrees with the magistrate judge that resolution of this issue in determining whether Armstrong's Complaint adequately states a claim upon which relief may be granted is not appropriate. The Court will deny the Motion to Dismiss.

*Conclusion*

After an independent review, the Court finds denial of the Motion to Dismiss, as set forth by the magistrate judge, to be appropriate. Further, the Court has reviewed the analysis and recommendations of the magistrate judge as to Defendants' Motion to Strike (Doc. 10) and Armstrong's Motion to Amend and finds it appropriate to adopt these recommendations.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 16) is ADOPTED.

2. Defendants' Motion to Dismiss (Doc. 5) is DENIED.

3. Defendants' Motion to Strike (Doc. 10) is GRANTED.

4. Plaintiff's Motion to Amend (Doc. 13) is GRANTED. Plaintiff shall electronically file the Amended Complaint within ten (10) days of this Order. *See* Electronic Case Filing Administrative Policies and Procedures Manual, § II.H.

5. This matter is referred back to Magistrate Judge Bernardo P. Velasco for further pretrial proceedings and report and recommendation in accordance with the provisions of 28 U. S. C. § 636(b)(1) and L.R.Civ. 72.1 and 72.2.

DATED this 11th day of September, 2012.

_____
Cindy K. Jorgenson
United States District Judge